IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE PETITION OF : | |
| LIBERTY GLOBAL LOGISTICS LLC : | CIVIL ACTION |
| TO PRESERVE TESTIMONY/EVIDENCE IN : | |
| AID OF AN ANTICIPATED LITIGATION : | NO. |
| PURSUANT TO RULE 27 OF THE FEDERAL : | |
| RULES OF CIVL PROCEDURE : | |

**VERIFIED RULE 27 PETITION FOR AN ORDER TO PERMIT PRESERVATION OF EVIDENCE AND TESTIMONY ON AN EXPEDITED AND EMERGENCY BASIS**

Liberty Global Logistics LLC, (LGL) by and through its attorneys, Palmer Biezup & Henderson, LLP, hereby petition this Honorable Court for an Order pursuant to Rule 27 Fed. R. Civ. P. directing preservation of testimony, documents and physical evidence and inspection of the vessel STX FLAMINGO, which is currently at the Port of Wilmington, Delaware.

1. This is a matter within the Court's admiralty and maritime jurisdiction under 28 U.S.C. § 1333, and Rule 27 of the Federal Rules of Civil Procedure.

2. Petitioner LGL is a Delaware Corporation with its principal place of business located in Lake Success, New York and who was at all times material hereto the sub charterer of the vessel M/V STX FLAMINGO.

3. Interested adverse party M/V STX FLAMINGO is a vessel registered in Panama designed to transport motor vehicles. The vessel is owned by POS Maritime CB, S.A., with its principal place of business being Seoul Korea.

4. Interested adverse party Hyundai Glovis Co., Ltd., was at all times material hereto the Time Charterer of the M/V STX FLAMINGO.

5. Interested adverse party POS Maritime CB, S.A., with its principal place of business being Seoul Korea, is the owner of the M/V STX FLAMINGO

1

6. During December, 2012, while the M/V STX FLAMINGO was under Time Charter to Hyundai Glovis Co., Ltd, the M/V STX FLAMINGO loaded cars and other equipment (hereinafter "vehicles") in the ports of Jacksonville, Florida, Baltimore, Maryland, and on December 28, 2012, and December 29, 2012, in the Port of Wilmington, Delaware.

7. The vehicles were to be carried aboard the M/V STX FLAMINGO and discharged in ports in Turkey, Jordan and Saudi Arabia.

8. After departing the Port of Wilmington, the M/V STX FLAMINGO allegedly encountered heavy weather conditions which caused substantial damage to the vehicles and the vessel.

9. As a result of the damage, the M/V STX FLAMINGO reversed course and returned to the Port of Wilmington on January 1, 2013 and currently remains at the Port.

10. As a result of the alleged damage, Petitioner LGL, who was the carrier of the vehicles, anticipates being subjected to a lawsuit in the United States by the owners of the vehicles, the Time Charter of the M/V STX FLAMINGO and/or by the owner of the M/V STX FLAMINGO.

11. The Ocean Bills of Lading (Exhibit "A") contain an exclusive jurisdiction clause for suits to be filed in the District Court for the Southern District of New York.

12. Upon information and believe, the M/V STX FLAMINGO is currently undergoing repairs in the Port of Wilmington, Delaware, and the vessel is expected to depart the Port of Wilmington on Sunday, January 6, 2013.

13. In anticipation of the expected litigation surrounding this incident, and the fact that the M/V STX FLAMINGO will be imminently departing the United States and Petitioner

LGL will no longer be able to obtain evidence relating to the incident, on January 2, 2013, Petitioner LGL caused the Master to be served with a list of documents to be produced by the vessel owner. A copy of the document requests served on the Captain is attached as Exhibit "B".

14. No documents have been produced to LGL by the vessel in response to the informal request for production of documents served on the Master on January 2, 2013.

15. Based on further investigation and developments, Petitioner LGL has supplemented the original informal request for production. A complete list of all documents which Petitioner LGL seeks from the vessel owner is attached as Exhibit "C".

16. All of the claims relating to this incident and/or for breach of Charter Party are maritime claims cognizable in the Federal Courts for purposes of Rule 27 Fed. R. Civ. P., but cannot be presently brought due to the ongoing situation concerning the repairs to the vessel and its scheduled departure on January 6, 2013.

17. Once the M/V STX FLAMINGO departs the Port of Wilmington, Delaware, the evidence and documents on the vessel will be outside the jurisdiction of the courts of the United States and there are no assurances as to when or whether the proposed deponents or the crucial Vessel records will ever return to this jurisdiction. Further, the Vessel itself may be repaired and altered such that immediate discovery, preservation of evidence, and inspections are necessary to protect Petitioner LGL's interests. Also, it is possible that important documents may have already been removed from the Vessel

18. With this Petition, Petitioner LGL is seeking to take the records deposition of the Captain/Master of the vessel, as well as all other crewmembers who may be designated as the

Custodian of Records for the vessel and who can identify the documents identified in Exhibits B, and who can testify as to the documents. All of these witnesses are currently aboard the STX FLAMINGO within this jurisdiction. Petitioner LGL is not at this time seeking to take any substantive depositions concerning the incident. The deposition is merely to address the documents requested and to ensure that they are provided and preserved.

19. The identified crewmembers of the STX FLAMINGO will be able to provide invaluable and current knowledge regarding the documents requested by Petitioner LGL concerning the incident involving the damage to the vessel and the vehicles in the aforesaid incident.

20. Consequently, in the interest of justice, an Order is required permitting Petitioner LGL to perpetuate testimony, obtain records, preserve evidence and inspect the Vessel.

21. Petitioner LGL anticipates that the following entities will be adverse or will have an interest in this action:

    a. M/V STX FLAMINGO

    b. Hyundai Glovis Co., Ltd.

    c. POS Maritime CB, S.A.

Upon information and belief, Hyundai Glovis Co., Ltd., has appointed counsel Michael Unger and William Pallis, of Freehill Hogan & Mahar, LLP as counsel. A copy of this Petition will be served on said counsel.

22. The immediate perpetuation of the testimony, the production of documentary and tangible evidence sought herein is necessary to prevent a failure or delay of justice.

23. Based on the foregoing, Petitioners are entitled to an order pursuant to Fed. R. Civ. Pr. 27 granting the perpetuation of the evidence sought herein.

PBH396651.1

24. Due to the anticipated departure of the STX FLAMINGO on January 6, 2013, as indicated in the letter to the Clerk of Court attached as Exhibit "D", Petitioner LGL respectfully requests that this Petition be directed to the attention of the assigned Duty Judge.

**WHEREFORE,** Petitioner LGL respectfully requests that the Court grant an Order in the form submitted herewith pursuant to Rule 27 Fed. R. Civ. P. authorizing the Petitioner LGL to take the above-requested deposition for the purpose of perpetuating testimony and obtaining evidence, and that the Court order the production of documents listed in Exhibit D attached hereto.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

By: /s/ Michael B. McCauley
Michael B. McCauley (ID 2416)
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
(302) 478-7625 (fax)
mccauley@pbh.com

Attorneys for Petitioner
Liberty Global Logistics LLC

Dated: January 4, 2013

Of Counsel:
Frank P. DeGiulio
Palmer Biezup & Henderson, LLP
190 North Independence Mall West, Ste. 401
Philadelphia, PA 19106
(215) 625-7809
(215) 625-0185 (fax)
FPD@pbh.com

PBH396651.1

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this the 4th day of January, 2013, service of a true and correct copy of the foregoing Petition of Liberty Global Logistics LLC, was filed via CM/ECF and a true and correct copy of same was served on the vessel STS FLAMINGO by hand delivery and by e-mail to:

> Michael Unger and William Pallis
> Freehill Hogan and Mahar LLP
> 80 Pine Street
> New York, N.Y. 10005-1759

                PALMER BIEZUP & HENDERSON LLP

By: /s/ Michael B. McCauley
      Michael B. McCauley (ID 2416)
      1223 Foulk Road
      Wilmington, DE 19803
      (302) 594-0895
      (302) 478-7625 (fax)
      mccauley@pbh.com

      Attorneys for Defendant
      Liberty Global Logistics LLC

Dated: January 4, 2013

## VERIFICATION

COMMONWEALTH OF PENNSYLVANIA:

COUNTY OF PHILADELPHIA

BEFORE ME, the undersigned authority, a notary public duly commissioned and qualified, personally came and appeared

Frank P. DeGiulio

who, after being duly sworn, did depose and say that:

He is an attorney at law and is a member of the firm of Palmer Biezup & Henderson, LLP and is an attorney of record for petitioner herein, Liberty Global Logistics LLC;

He has read the above and foregoing Verified Petition and knows the contents thereof, and that the same are true and correct to the best of his knowledge, information and belief, the sources of information and grounds for the belief being material contained in his file and furnished to him by his client; and

The reason that he makes this verification, which he is authorized to do, is that there is no corporate officer of Liberty Global Logistics LLC presently within this district or within the confines of the State of Delaware.

_____
FRANK P. DeGIULIO

Sworn to and subscribed before me this
4TH Day of January, 2013.

_____
Notary Public

Commonwealth of Pennsylvania

My commission expires: April 22, 2016

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Charles P. Neely, Notary Public
New Britain Twp., Bucks County
My Commission Expires April 22, 2016
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES